## LEHMAN v. SALZGEBER.

### (Circuit Court, D. Oregon. July 30, 1903.)

### No. 2,752.

1. CONTRACTS—MUTUALITY OF OBLIGATION—CONSTRUCTION.

Defendant contracted to sell plaintiff 12,000 pounds of hops of the crop of 1902, and to deliver the same at a certain warehouse at plaintiff's direction. The contract provided for the picking and curing of the hops, and declared that plaintiff agreed to advance to defendant $1 on the signing of the contract, and for picking purposes the sum of 6 cents a pound, provided that the hops on the poles, in the plaintiff's opinion, promised a good quality, etc., "and upon delivery and acceptance of said hops" the plaintiff would pay a certain amount per pound, etc. *Held*, that the clause on "delivery and acceptance of the hops" the plaintiff would pay, etc., did not confer on plaintiff the arbitrary right to refuse to accept hops of the quality described, and that the contract was therefore not void for want of mutuality of obligation.

Cotton, Teal & Minor, for plaintiff.
W. L. Boise and John T. McKee, for defendant.

BELLINGER, District Judge. This is an action for damages for the failure to deliver certain hops in accordance with an agreement between the parties, in substance as follows: The defendant, in con-

¶ 1. Mutuality in contracts, see note to American Cotton Oil Co. v. Kirk, 15 C. C. A. 543.

sideration of the sum of $1 paid, agreed to sell and deliver to the plaintiff 12,000 pounds of hops of the crops of the year 1902, and to deliver said hops to the Reedville warehouse depot, or on board the cars, at such time between the 1st and 31st days of October in said year as the plaintiff might direct—

"Each bale of said hops to contain from one hundred and eighty to two hundred pounds of hops (seven pounds tare per bale to be allowed) and are to be put up in new bale cloth; the said hops shall be of choice quality of even color, well and cleanly picked and well cured, but not high dried, free from mould or black blight and not broken. And the said party of the first part further agree that this contract shall have preference, both as to quantity and quality, over all other contracts made as to said growth of hops by the party of the first part with any other purchaser. The said parties of the second part agree to advance to the said party of the first part one (1) Dollars upon the signing of these presents, and for picking purposes on or about the first September of said year, the sum of Six (6) cents per pound at Aurora, Oregon, provided that at that time the said hops on the poles, in the opinion of the parties of the second part, promise a good quality, and provided that at that time no lien superior to the one hereby created exists on said crop of hops; and for such advances with six per cent. interest a lien is hereby granted to parties of the second part on said crop of hops prior and preferable to all other liens; and upon the delivery and acceptance of said hops, the said parties of the second part will pay in current funds of the United States or their equivalent five one-half (5½) cents per pound, the balance due on said hops at (11½) eleven one-half cents per pound, that being the agreed price for said hops, and all money advanced for the purposes aforesaid, with six per cent. interest to be deducted from the purchase price of said hops."

It is alleged that the defendant made default in this agreement, by refusing to deliver the hops contracted for, and that the plaintiff has been damaged by such refusal in the sum of $2,581, with interest.

To this complaint defendant demurs upon the ground that the plaintiff, by the terms of the contract, is under no obligation to accept the hops contracted for, and that, inasmuch as there is no obligation on the plaintiff's part, the defendant is not obliged to deliver.

I am of the opinion that the clause, "and upon the delivery and acceptance of said hops, the said parties of the second part will pay," etc., does not confer upon plaintiff the right arbitrarily to refuse to accept hops when of the quality described; that this clause is intended to fix the time of payment, not to make such payment discretionary on the plaintiff's part; that if the hops are of the quality stipulated for in the contract, and are baled as required by its terms, the obligation of the plaintiff to accept them is absolute. The plaintiff has the discretion under this contract not to make the advance of six cents per pound about the 1st day of September. As to this advance the plaintiff is authorized to act upon his own opinion as to whether the hops have the promise of a good quality. But without this, he is still required to accept the hops when they are harvested and delivered, if they are of the quality provided for.

The demurrer to the complaint is overruled.